FILED IN OPEN COURT
U.S.D.C. - Atlanta

AUG 26 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHANN RAINER NIX | Criminal Information<br><br>No. 1:25-cr-0372 |

THE UNITED STATES ATTORNEY CHARGES THAT:

### Count One
### (Production and Attempted Production of Visual Depictions of a Minor Engaging in Sexually Explicit Conduct)

Beginning on or about February 1, 2023, and continuing through on or about February 8, 2023, in the Northern District of Georgia and elsewhere, the defendant, JOHANN RAINER NIX, did knowingly, and knowingly attempt to, employ, use, persuade, induce, entice, and coerce a minor, "Minor Victim 1," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that said visual depiction would be transported and transmitted using any means and facility of interstate commerce, including by computer and cellular telephone, and using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, and said visual depiction was transported and transmitted using any means and facility of interstate commerce, including by computer and cellular telephone, all in violation of Title 18, United States Code, Sections 2251(a) and (e).

## Forfeiture

Upon conviction of the offense alleged in Count One of this Information, the defendant, JOHANN RAINER NIX, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2253(a):

1. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110;

2. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

3. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense, or any property traceable to such property.

The property to be forfeited includes, but is not limited to, a personal forfeiture money judgment, that is, a sum of money in United States currency representing the amount of proceeds obtained as a result of the offense charged in Count One of this Information.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant, JOHANN RAINER NIX:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

THEODORE S. HERTZBERG
*United States Attorney*

*Lauren E. Renaud*
LAUREN E. RENAUD
*Assistant United States Attorney*
Georgia Bar No. 241250

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181