IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVSION

| | |
|---|---|
| **UNITED STATES of AMERICA,** : | |
| : | |
| Plaintiff, : | Case #  1:24-CR-18-4 |
| : | |
| vs. : | Judge Boulee |
| : | |
| **JOHANN RANIER NIX,** : | |
| : | |
| Defendant. : | |

---

### SENTENCING MEMORANDUM

---

The Defendant, Johann Ranier Nix, by and through undersigned counsel, seeks to provide the Court with relevant information to consider in determining the sentence to impose pursuant to Fed. R. Crim. P. 32(1)(3), 18 U.S.C. § 3661, and 18 U.S.C. § 3553(a). This Memorandum is based on Defendant's Agreement with The Government.

**The Plea Agreement and 3553(a) Factors Warrant a Total Sentence of 240 Month in this Case:**

After calculating the applicable Guidelines range, the Court should assess the factors set forth in 18 U.S.C. § 3553(a) to determine a reasonable sentence. See Gall, 552 U.S. at 49-50; Pugh, 515 F.3d at 1189-90. The Court is to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guideline range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a); United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

The statutory maximum sentence in this case is Three Hundred and Sixty Months (360) . PSR, page 35, and the mandatory minimum is one hundred and eighty months (180). The Agreement between the Government and the Defense calls for a joint recommendation of Two Hundred and Forty months (240).

**Background:**

Johann grew up in a household with separated parents and was raised both in Missouri and Georgia. His mother suffered from mental illness and he was raised in a food insecure household (PSR pgs. 30-31). Johann is married and has two (2) very young sons (PSP Pg. 31). Johann has sought out treatment for counselling and treatment for his disorders to treat the issues that lead to his arrest and conviction. (PSR Pgs. 31-32). Johann has no previous criminal history (PSR Pg. 29).

**Letters of Support and Recommendation:**

Attached as exhibits to this memo, the Defendant shows that despite having very difficult charges and facts that he still has tremendous family support and his marriage remains strong, which is rare under these circumstances.

**Request to the Court**

In making this recommendation the Defense considered the "need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." In making this request,

the Defense is seeking to balance the need for punishment with the potential for him to exit the prison system and have a productive future.

A sentence of Two Hundred and Forty (240) months is consistent with the § 3553(a) factors and also sends a strong message to the public about how the Court views the seriousness of this offense, Johann's conduct, and the mitigating factors he presents. The request made by the defense also comports with the plea agreement entered into by Counsel for the Government and Counsel for the Defense.

**Designation Request:**

The Bureau of Prisons initiated the Sexual offender Management Program (SOMP) as an outgrowth of the Sexual Offender Treatment Program (SOTP) initially started at FCI Butner, NC. The primary goal of SOMP institutions is to reduce the need to place sexual offenders in protective custody, and to create an institutional climate conducive to voluntary participation in treatment. To achieve this, SOMP institutions maintain a significant proportion of sexual offenders in the population.

In keeping with Johann's need and desire for rehabilitation, he respectfully requests designation to FCI Milan, Michigan to participate in the Sexual Offender Treatment Program.

**Need for residential drug abuse program:**

It appears that he is the perfect candidate for the RDAP program. If he is expected to return to society and be a productive member, it would benefit him greatly to enroll in and successfully complete the drug program. We would ask this honorable Court to recommend that he be enrolled in the RDAP program, if eligible.

**Conclusion**

WHEREFORE, the Defendant respectfully requests that, in light of the foregoing, this Honorable Court take into consideration the above arguments and the objections to the PSR in imposing a sentence of Two Hundred and Forty (240) months, further, he respectfully requests designation to FCI Milan, Michigan to participate in the Sexual Offender Treatment Program..

                                              Respectfully submitted,

                                              /s/ *Mike Friedman*

Michael Friedman
Attorney for the Defendant
Bar # 277799
3175 Shallowford Rd
Chamblee, GA 30341
404-221-1001
Mike@MFLaw.net